UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN DALE BELL, | ) | 1:06-CV-01489 OWW SMS HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION TO SUPPLEMENT PETITION |
| | ) | [Doc. #24] |
| v. | ) | |
| | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| K. MENDOZA-POWERS, Warden, | ) | [Doc. #20] |
| | ) | |
| Respondent. | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS AND DIRECTING |
| | | CLERK OF COURT TO ENTER JUDGMENT |
| | | |
| | | ORDER DECLINING TO ISSUE |
| | | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 28, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On December 28, 2007, Petitioner timely filed objections to the Findings and Recommendation. On February 1, 2008, Petitioner filed a motion for leave to supplement his objections with additional authority, requesting that the recent case of Hayward v. Marshall, ___ F.3d ___, 2008 WL 43716 (9th Cir.2008), be considered with his objections. The Court hereby GRANTS the motion and considers the case in its determination.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. Petitioner was convicted of attempted murder that was willful, deliberate and premeditated. The record supports the parole board's determination that the offense was committed in an especially heinous, atrocious and cruel manner. 15 Cal. Code Regs. § 2402(c)(1). The record also supports the parole board's reliance on statements of opposition from the victim and the district attorney. Cal. Penal Code §§ 3041.7, 3043(e). In addition, there was some evidence supporting the board's finding that causative factors had not been explored sufficiently to conclude Petitioner no longer posed an unreasonable risk of danger to the public. It is important to note that in this crime, Petitioner attacked his wife for an inexplicable reason. This was not a crime with "the type of unusual provocation . . . that seems not likely to recur." Hayward, 2008 WL 43716 *6.  The board's reservations were reasonable. In light of these factors, there was some evidence to support the board's determination that Petitioner remained a considerable risk of danger, especially to those in close relationship to Petitioner. Superintendent, Mass. Correc. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Petitioner also argues that the board's continued reliance on the static factors of his offense has resulted in a due process violation. See Biggs v. Terhune, 334 F.3d 910, 916 (9th Cir.2003). However, due process has not been violated here. As noted by the Magistrate Judge, Petitioner is serving a term of life with the possibility of parole plus four years. Petitioner's sentence of "life without the possibility of parole" for attempted murder requires that Petitioner shall not be paroled until a minimum of 15 calendar years have been served. See People v. Villegas, 92 Cal.App.4th 1217, 1228-1229 (2001). Since Petitioner has been deemed unsuitable for parole prior to the

1  expiration of his minimum term, the due process concerns stated in Biggs are not at issue. Irons v.
2  Carey, 505 F.3d 846, 853 (9th Cir.2007). In light of the above, the Magistrate Judge properly found
3  the petition to be without merit.

4     A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
5  district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-
6  El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue
7  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>  (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

20  If a court denies a petitioner's petition, the court may only issue a certificate of appealability
21  "if jurists of reason could disagree with the district court's resolution of his constitutional claims or
22  that jurists could conclude the issues presented are adequate to deserve encouragement to proceed
23  further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the
24  petitioner is not required to prove the merits of his case, he must demonstrate "something more than
25  the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at
26  1040.

27     In the present case, the Court finds that reasonable jurists would not find the Court's
28  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

U.S. District Court
E. D. California

3

deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to supplement his objections is GRANTED;

2. The Findings and Recommendation issued November 28, 2007, is ADOPTED IN FULL;

3. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

4. The Clerk of Court is DIRECTED to enter judgment; and

5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    February 8, 2008**               **/s/ Oliver W. Wanger**
                                             UNITED STATES DISTRICT JUDGE