UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN DALE BELL, | ) | 1:06-CV-01489 OWW SMS HC |
| | ) | |
|     Petitioner, | ) | ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION IN PART |
| | ) | |
|     v. | ) | [Doc. #27] |
| | ) | |
| K. MENDOZA-POWERS, Warden, | ) | |
| | ) | ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |
|     Respondent. | ) | [Doc. #27] |
| | ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On November 28, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be denied and judgment be entered. On February 11, 2008, the undersigned issued an Order adopting the Findings and Recommendation in full, denying the petition, and directing that judgment be entered. The Clerk of Court entered judgment on the same date.

    On February 25, 2008, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

    Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

    the court may relieve a party or a party's legal representative from a final judgment,

order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In this case, Petitioner meets this standard in part. Petitioner correctly argues that the absolute minimum term that he must serve on his indeterminate life sentence is seven calendar years pursuant to Cal. Penal Code § 3046, not fifteen calendar years as set forth in the Order. See People v. Jefferson, 21 Cal.4th 86, 97 (1999). Therefore, Petitioner was denied parole after he had served the absolute minimum required term of imprisonment. For this reason, the Court's finding that the due process concerns raised in Biggs v. Terhune, 334 F. 3d 910, 916 (9th Cir.2003), and Irons v. Carey, 505 F.3d 846, 853 (9th Cir.2007), are not at issue in this case must be corrected.

In Biggs, the Ninth Circuit cautioned that "[o]ver time, . . ., should [a prisoner] continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him a parole date simply because of the nature of [his] offense and prior conduct would raise serious questions involving his liberty interest in parole." 334 F.3d at 916. The Ninth Circuit recently reaffirmed this holding in Irons. 505 F.3d at 853. Nevertheless, as this Court stated in the Order of February 11, 2008, those due process concerns are not present here. Although the Board has relied primarily on the unchanging factors of the underlying crime, the Board also found Petitioner posed an unreasonable risk of danger because he had not sufficiently explored the causative factors of the offense. Moreover, Petitioner has not been *repeatedly* denied parole based on unchanging factors despite exemplary conduct. This was only Petitioner's first parole hearing. As in Biggs, the Board's reliance on "the gravity of the offense and conduct prior to imprisonment to justify denial of parole can be initially justified as fulfilling the requirements set forth by state law." Id.

As to Petitioner's remaining arguments that he does not pose an unreasonable risk of danger should he be released, as fully discussed in the Order of February 11, 2008, and the Magistrate Judge's Findings and Recommendation of November 28, 2007, the state court finding that he does is supported by at least "some evidence." Superintendent, Mass. Correc. Inst. v. Hill, 472 U.S. 445, 455

(1985). Therefore, Petitioner is not entitled to habeas corpus relief.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's motion for reconsideration is GRANTED IN PART; the Order of February 11, 2008, is modified pursuant to this Order; and
2. Petitioner's motion for relief from judgment is DENIED. Further, the Court will not disturb its earlier decision declining to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:**   **February 29, 2008**              /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE